UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14CV-669-DJH

**JUDITH PAULIN**                                                                                                         **PLAINTIFF**

**v.**

**KROGER LIMITED PARTNERSHIP I**                                                     **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the motion for judgment on the pleadings filed by Defendant Kroger Limited Partnership I, by counsel (DN 17). Plaintiff filed two *pro se* motions (DNs 19 and 21), in which she responds to arguments made in the motion for judgment on the pleadings. The Court construes these motions as responses to the motion for judgment on the pleadings. Defendant filed a reply (DN 20). While the reply does not address the arguments made in Plaintiff's responses, the Court concludes that further briefing is not necessary. For the reasons below, the motion will be denied.

**I. BACKGROUND**

As background, based on the pleadings, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) against Defendant alleging that she was terminated in July 2012 because of her religion, Pentecostalism. Plaintiff and Defendant entered into a Negotiated Settlement Agreement in April 2013 wherein Defendant agreed to re-hire Plaintiff and pay a monetary settlement. This action arises out of Plaintiff's second employment with Defendant.

In the complaint, Plaintiff states that she was employed by Defendant in the stock department. She states that on May 8, 2013, she was scheduled to work at 9:00 am but made a mistake and came to work at 5:00 pm that day. She states that she was not terminated on that

day but was told that she was terminated two days later "because of store policy as a no show." She also indicates that she was terminated for being out of uniform but states that she was given permission to come to work out of uniform. Plaintiff states that she was told by a stock manager that "there was no job there in stock[,]" and she states that there was never any work to do. Plaintiff states as follows:

> I don't believe Kroger had a job there for me and was waiting for me to mess up to get rid of me. But I did not do anything wrong and they broke the NEGOTIATED SETTLEMENT AGREEMENT with me Charge Number 474-2013-00467 on file with the Equal Employment Opportunity Commission (EEOC) under Title VII of the civil Rights Act of 1964, as amended (Title VII).

As exhibits to the complaint, Plaintiff attaches her right-to-sue letter from the EEOC, as well as the Charge of Discrimination she filed with the EEOC and the Louisville/Jefferson County Metro Human Relations Commission against Defendant. In the narrative portion of the form, Plaintiff states as follows:

> In April 2013, as part of an agreement resolving EEOC Charge of Discrimination 474-2013-00467, I was hired as a part-time employee of the Kroger Company at their Terry Road location in Louisville Kentucky. Within two weeks of my hire, on May 8, 2013, I mistakenly showed up for my shift at 5:00pm when it was actually scheduled to start at 9:00am. Without any intermediate disciplinary action, I was summarily terminated for this offense. Other employees who have no other disciplinary issues who miss a shift in this fashion are not terminated. I believe that I was terminated because of my religious faith, Pentecostal, and/or in retaliation for having previously filed charges of illegal discrimination, all in violation of Title VII of the Civil Rights Act of 1964, as amended.

Plaintiff also attaches to the complaint the Negotiated Settlement Agreement which she entered into with Defendant on April 22, 2013, concerning the previous Charge of Discrimination. The agreement, in pertinent part, provides as follows:

> Respondent agrees to: . . . Place the Charging Party in the position of Clerk at a minimal pay rate of $7.30/hour . . . . The Charging Party will be initially trained as a Product Clerk and will be employed by April 30, 2013, provided this Agreement is fully executed by all parties by such date. Charging Party's

assignment, hours and shift will be in accordance with the terms of the Collective Bargaining Agreement between Kroger and the union.

In the motion for judgment on the pleadings, Defendant argues that Plaintiff is attempting to assert a claim for breach of the collective bargaining agreement which is governed by the Labor Management Relations Act, 29 U.S.C. § 141 *et seq*. Defendant contends that the claim fails because the claim is untimely as a suit against an employer for breach of a collective bargaining agreement must be brought within six months of the acts constituting the alleged violation. Defendant argues that Plaintiff's allegations in the complaint occurred before May 10, 2013, and she did not file the instant action until September 3, 2014, almost 16 months later.

Defendant also argues that the claim of breach of the collective bargaining agreement fails because Plaintiff failed to exhaust her remedies under the grievance procedure set forth in the collective bargaining agreement. Defendant also maintains that the claim of breach of the collective bargaining agreement fails because Plaintiff did not plead in the complaint that the union breached its duty of fair representation by failing to represent her in the grievance/ arbitration procedure.

Defendant further argues that, to the extent Plaintiff is bringing a claim for discrimination and/or retaliation under Title VII of the Civil Rights Act of 1964, the claims fail because Plaintiff makes only conclusory allegations which are insufficient to demonstrate a right to relief. Defendant argues that the discrimination claim should be dismissed because Plaintiff fails to allege any facts demonstrating that she was a member of a protected class or that she was treated less favorably than other Kroger employees outside of her protected class. Defendant also contends that the retaliation claim should be dismissed because Plaintiff fails to allege that she engaged in any protected activity or that she was terminated for engaging in the protected activity.

Plaintiff filed two motions (DNs 19 and 21) which the Court construes as responses to the motion for judgment on the pleadings. She states, "I made a mistake on my schedule. It was my first offense. Kroger is making up stuff about me being out of uniform. Mark, now nighttime stock manager told me there was no job there in stock." Plaintiff further maintains, "And I don't think Kroger can hold the collective bargaining agreement with me because they did not give me a copy of it when I signed papers with EEOC worker . . . . I assumed it said they promised me 20 hours in stock." Plaintiff also states, "I do not know what Kroger is saying when they say I did not exhaust the grievance procedures set forth in the Collecting Bargaining Agreement. And again they never gave me a copy of that when I signed papers with EEOC worker . . . ." She further contends that "I would not have known what to do. If they are saying that I did not try to get my job back they are wrong." She also states, "And I do not know what Kroger is saying when they said my complaint was untimely. I did everything I could to get my job back! Ben Crone would not give it back to me!"

## II. ANALYSIS

Rule 12(c) of the Federal Rules of Civil Procedure states, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." The Court analyzes a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Therefore, to survive a Rule 12(c) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While "[t]he plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. The factual allegations in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When considering a motion for judgment on the pleadings, the Court may examine the complaint and its exhibits, items appearing in the record of the case, and documents incorporated by reference into the complaint and central to the claims. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court must view the complaint in the light most favorable to the nonmoving party, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the nonmoving party's favor. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). However, the Court need not accept as true the nonmoving party's legal conclusions or unwarranted factual allegations. *Id*. The motion may be granted only if the moving party is nevertheless entitled to judgment as a matter of law. *Id*.

Federal courts hold *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Burton v. Jones*, 321 F.3d 569 (6th Cir. 2003). The district court better serves "substantial justice" by examining the "thrust, not just the text," of a *pro se* litigant's allegations. *Burton*, 321 F.3d 573-74.

Reviewing the complaint and exhibits under this standard, while the complaint itself is not a model of clarity, the thrust of Plaintiff's allegations presents claims for discrimination and retaliation under Title VII. In the Charge of Discrimination, which Plaintiff attaches as an exhibit to the complaint, she states, "I believe that I was terminated because of my religious faith, Pentecostal, and/or in retaliation for having previously filed charges of illegal

5

discrimination, all in violation of Title VII . . . ." Construing the allegations as true, Plaintiff has adequately stated claims for discrimination and retaliation that survive dismissal at this early stage.

Moreover, the Court cannot conclude based on the pleadings that Plaintiff's claims are governed by the collective bargaining agreement, as Defendant maintains. The agreement provides that Plaintiff's "assignment, hours and shift will be in accordance with the terms of the Collective Bargaining Agreement between Kroger and the union." However, Plaintiff's allegations concerning breach of the Negotiated Settlement Agreement may not concern her "assignment, hours and shift" but appear to allege that Defendant breached the agreement because it hired her for a job that did not actually exist.

Furthermore, Defendant's arguments that the claims are barred by the statute of limitations or are barred for failure to exhaust remedies under a grievance procedure are affirmative defenses. "[A] plaintiff generally need not plead the lack of affirmative defenses to state a valid claim." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Therefore, a Rule 12(c) motion, which considers only the allegations in the complaint, is often an inappropriate vehicle for dismissing a claim based on the statute of limitations or other affirmative defense. *See id*. Only when the allegations themselves show that the claims are barred by an affirmative defense is dismissal appropriate under the Rule 12(b)(6) standard. *See id*. (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Such is not the case here as it is not clear from the pleadings that the collective bargaining agreement even governs Plaintiff's claims.

Accordingly, Defendant has failed to demonstrate that it is entitled to judgment on the pleadings.

## III.  CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Defendant's motion for judgment on the pleadings (DN 17) is

**DENIED**.

Date:  March 20, 2015

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of record
4415.010