UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14CV-669-DJH

**JUDITH PAULIN**                                                            **PLAINTIFF**

v.

**THE KROGER CO.**                                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion to remand filed by *pro se* Plaintiff Judith Paulin (DN 6). Defendant, by counsel, filed a response (DN 11) to the motion to remand. Plaintiff did not file a reply in support of her motion, but the Court concludes that a reply is not necessary to the determination of the instant motion. For the reasons stated herein, the Court will deny the motion to remand.

Before ruling on the motion, however, the Court will first address the name of Defendant. In its answer, Defendant states that the correct name of the corporate entity is Kroger Limited Partnership I. Therefore, the **Clerk of Court is DIRECTED to amend the caption in the docket sheet to reflect Kroger Limited Partnership I as the proper Defendant in this action.**

### I. BACKGROUND

Plaintiff filed a complaint in Jefferson Circuit Court on September 3, 2014. Defendant filed a timely notice of removal to this Court on October 3, 2014.

In the complaint, Plaintiff states that she was employed by Defendant in the stock department. She states that on May 8, 2013, she was scheduled to work at 9:00 am but made a mistake and came to work at 5:00 pm that day. She states that she was not terminated on that day but was told that she was terminated two days later "because of store policy as a no show." She also indicates that she was terminated for being out of uniform but states that she was given

permission to come to work out of uniform. Plaintiff states that she was told by a stock manager that "there was no job there in stock[,]" and she states that there was never any work to do. Plaintiff states the following:

> I don't believe Kroger had a job there for me and was waiting for me to mess up to get rid of me. But I did not do anything wrong and they broke the NEGOTIATED SETTLEMENT AGREEMENT with me Charge Number 474-2013-00467 on file with the Equal Employment Opportunity Commission (EEOC) under Title VII of the civil Rights Act of 1964, as amended (Title VII).

As exhibits to the complaint, Plaintiff attaches her right-to-sue letter from the EEOC, as well as the Charge of Discrimination she filed with the EEOC and the Louisville/Jefferson County Metro Human Relations Commission against Defendant. In the narrative portion of that form, Plaintiff states as follows:

> In April 2013, as part of an agreement resolving EEOC Charge of Discrimination 474-2013-00467, I was hired as a part-time employee of the Kroger Company at their Terry Road location in Louisville Kentucky. Within two weeks of my hire, on May 8, 2013, I mistakenly showed up for my shift at 5:00pm when it was actually scheduled to start at 9:00am. Without any intermediate disciplinary action, I was summarily terminated for this offense. Other employees who have no other disciplinary issues who miss a shift in this fashion are not terminated. I believe that I was terminated because of my religious faith, Pentecostal, and/or in retaliation for having previously filed charges of illegal discrimination, all in violation of Title VII of the Civil Rights Act of 1964, as amended.

Plaintiff also attaches to the complaint the Negotiated Settlement Agreement which she entered into with Defendant on April 22, 2013, concerning a previous Charge of Discrimination.

In the instant motion to remand, Plaintiff states, "I was given a right to sue in federal or state court by EEOC. I want it moved back to state court." She further maintains, "I read the handbook a simple guide to filing an action without the assistance of counsel United States District Court Western District at Kentucky which the clerks office gave me & it is not what I wanted." She states, "I want to go before the judge in state court."

2

In response to the motion to remand, Defendant contends that Plaintiff does not allege any procedural defect in the removal process or argue that this Court lacks subject-matter jurisdiction over this case. Defendant argues that this Court has subject-matter jurisdiction over the action based on federal-question jurisdiction and diversity jurisdiction and that the motion to remand should, therefore, be denied.

## II. ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Therefore, a civil action may be removed from a state court only when the district court has original jurisdiction over the state court action.

A federal district court may have jurisdiction over such a case in one of two ways. First, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal-question jurisdiction." Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000. If a matter over which this Court lacks subject-matter jurisdiction is removed to this Court, "the case shall be remanded[,]" and the "State court may thereupon proceed with such case." 28 U.S.C. § 1447(c).

The party seeking to remove an action to federal court has the burden of establishing that the district court has original jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). In order to determine whether the case arises under federal law, a court looks only at the plaintiff's well-pleaded complaint. *Franchise*

*Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *see also Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 325 (6th Cir. 2007).

Upon review of Plaintiff's complaint and exhibits, she states that Defendant violated Title VII of the Civil Rights Act of 1964, a federal statute. The Court, therefore, has federal-question jurisdiction over this action under 28 U.S.C. § 1331.

Plaintiff also alleges a breach of the Negotiated Settlement Agreement she entered into with Defendant. The Court need not determine whether this claim is governed by state or federal law, however, since even if it is governed by state law, this Court may exercise supplemental jurisdiction over this claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (finding that the court has supplemental jurisdiction over state-law claims where "[t]he state and federal claims . . . derive from a common nucleus of operative fact," such that, a plaintiff "would ordinarily be expected to try them all in one judicial proceeding"). Plaintiff's claim concerning breach of the settlement agreement arises from the same set of facts as her Title VII claim. Therefore, the Court has subject-matter jurisdiction over the matter, and remand is not warranted.

### III.  CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's motion for remand (DN 6) is **DENIED**.

Date:   March 20, 2015

                                                **David J. Hale, Judge**
                                                **United States District Court**

cc:     Plaintiff, *pro se*
         Counsel of record
4415.010